United States District Court
Southern District of Texas
**ENTERED**
July 01, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MARVIN JOSE BUESO, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-04675 |
| versus | § | |
| | § | JUDGE CHARLES ESKRIDGE |
| MARTIN FRINK, Respondent. | § | |

**ORDER**

Petitioner Marvin Jose Bueso filed a petition for writ of *habeas corpus* under 28 USC §2241 on June 11, 2026. Dkt 1. He proceeds here *pro se*. He acknowledges illegal entry into the United States on a prior date but nonetheless asserts that his present detention violates the Due Process Clause of the Fifth Amendment. Id at 5–7.

The Fifth Circuit has issued a controlling decision with respect to the lawfulness of detention under 8 USC §1225(b)(2)(A). *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under §1225(b)(2)(A). See id at 502–08.

Since that ruling, the undersigned has also determined that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings doesn't violate substantive due process. See *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex) (pre-removal detention less than six months); *Herrera*

*Estrada v Thompson,* 4:26-cv-01238 (SD Tex, April 27, 2026) (pre-removal-order detention over six months).

Such rulings may foreclose all issues in the present petition. That said, mail sent to Petitioner at the Houston Contract Detention Facility was returned as undeliverable, with a notation that he has been "released from facility." Dkt 9 at 2. It isn't clear from this notation whether Petitioner has been released from detention, relocated to a different facility, or removed from the United States.

Under these circumstances, Petitioner is entitled to a show-cause order pursuant to 28 USC §2243.

Respondents are ORDERED to show cause with a filing that establishes the propriety of Petitioner's continued detention. Respondents must also provide information about Petitioner's current location. Such filing must be made by July 7, 2026.

Further briefing will be ordered if determined necessary after consideration of such response.

It is ORDERED that the Clerk will email this Order to USATXS.CivilNotice@usdoj.gov to Respondents.

SO ORDERED.

Signed on July 1, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge